UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CARLOS A. CALDERON, | : | |
|  | : | Civil Action No. 25-14827 (BRM) |
| Petitioner, | : | |
|  | : | |
| v. | : | **MEMORANDUM ORDER** |
|  | : | |
| PAM BONDI, *et al.*, | : | |
|  | : | |
| Respondents. | : | |

**THIS MATTER** is before the Court on Petitioner Carlos A. Calderon's ("Petitioner") Motion for an Order to Show Cause. (ECF No. 4.) On August 21, 2025, Petitioner filed Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his continued detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001).[1] (ECF No. 1.) On August 27, 2025, the Court ordered Respondent to file an answer to the Petition within thirty days. (ECF No. 2.) Petitioner subsequently filed this Motion for an Order to Show Cause, seeking a hearing date for the Petition and a stay of removal to a country other than Venezuela until further ordered by the Court. (ECF No. 4.)

---

[1] Petitioner alleges that he was detained by Immigrations and Customs Enforcement ("ICE") on August 15, 2025. and was detained at the Elizabeth Detention Facility. (ECF No. 1 at 2.) Petitioner acknowledges that he has a 8 U.S.C. § 1231 final order of removal from 2016. (*Id.* at 3.) Petitioner submits that he is an "alleged native and citizen of Venezuela" and following his final order of removal, Respondents were unable to remove in 2016 because ICE was unable to obtain a travel document from Venezuela. (ECF No. 4 at 2.) Therefore, in 2016, Petitioner was released. (*Id.*) Following his detention at Elizabeth Detention Facility on August 15, 2025, Petitioner was transferred to Denver Colorado. (*Id.* at 1.) According to his motion for order to show cause, it is unclear if Petitioner has again been transferred or remains in Denver. (*Id.*) In his Petition, Petitioner argues that "removal from the United States cannot be effectuated in the reasonably foreseeable future" because "the Venezuelan Consulate has refused to issue his travel documents for many years and at least since he filed his last habeas in 2016." (ECF No. 1 at 4; ECF No. 1-1 at 3.)

The request for a stay of removal in the Motion for an Order to Show Cause is denied without prejudice because it appears that Petitioner is presently subject to a final order of removal. Petitioner makes a conclusory argument that Venezuela will not accept him. Further, Petitioner provides no argument or a showing of proof that the Government intends on removing Petitioner to a third country. The Court has ordered briefing on these issues.

"[T]he Illegal Immigration Reform and Immigrant Responsibility Act of 1996 . . . authorizes noncitizens to obtain direct 'review of a final order of removal' in a court of appeals." *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (quoting 8 U.S.C. § 1252(a)(1)). "[A] 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'" *Id.* (quoting 8 U.S.C. § 1101(a)(47)(A)). Additionally, the REAL ID Act, Pub. L. No. 10943, 119 Stat. 231 (2005), which modified 8 U.S.C. § 1252, "clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus . . . ." *Id.* at 580. "[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal" and "includes all matters on which the validity of the final order is contingent." 8 U.S.C. § 1252(a)(5); *Nasrallah*, 590 U.S. at 582 (internal quotation marks omitted).

As amended by the REAL ID Act, § 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). As the Supreme Court has explained, § 1252(g) is a "discretion-protecting provision" designed to prevent the "deconstruction, fragmentation, and hence prolongation of removal proceedings." *Reno v. Am.-Arab Anti-Discrimination Comm.* (hereinafter, "*AADC*"), 525 U.S. 471, 487 (1999).

2

Further, as the Third Circuit has held, § 1252(a)(5) eliminated "not only habeas corpus review of final orders of removal, but also review pursuant to the All Writs Act." *In re Codner*, 643 F. App'x 214, 218 (3d Cir. 2016) (citing 8 U.S.C. § 1252(a)(5)). Consequently, this Court lacks jurisdiction to review the challenge to his order of removal.[2]

Accordingly,

**IT IS** on this 5th day of September 2025,

**ORDERED** Petitioner Motion for an Order to Show Cause (ECF No. 4) is **DENIED without prejudice**; it is further

**ORDERED** the parties shall comply with the briefing schedule ordered in the Court's Order to Answer (ECF No. 2); it is further

**ORDERED** the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

*/s/ Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE

---

[2] The Court has jurisdiction under 28 U.S.C. § 2241 to consider Petitioner's Petition as it challenges the legality of his continued immigration detention based on his argument that is prolonged. Section 2241 permits federal district courts to grant habeas relief to individuals "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This includes challenges to prolonged detention under 8 U.S.C. § 1231(a), and as relevant here, to post-removal-period detention governed by *Zadvydas*. 533 U.S. at 687–88. The Court has ordered briefing on this issue and will consider the issue in due course.