UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CARLOS A. CALDERON, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> PAM BONDI, *et al.*, : <br> : <br> Respondents. : <br> : | Civil Action No. 25-14827 (BRM) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Carlos A. Calderon's ("Petitioner") Amended Petition for Writ of Habeas Corpus ("Amended Petition") pursuant to 28 U.S.C. § 2241, challenging his detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (ECF No. 3.) Respondents filed a letter answer, submitting that the Amended Petition should be dismissed as moot because Petitioner was removed to Mexico. (ECF No. 14.) Petitioner filed a reply, opposing dismissal as moot and seeking an order returning him to the United States (ECF No. 15), and Respondents filed a response (ECF No. 17). Having reviewed and considered the parties' submissions filed in connection with the petition, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause appearing, Petitioner's § 2241 Amended Petition is **DISMISSED AS MOOT**.

**I. BACKGROUND**

Petitioner, a citizen of Venezuela, entered the United States and has had a final order of removal, 18 U.S.C. § 1231, since 2016. (ECF No. 3 at 3.) In 2016, Respondents sought to remove Petitioner based on his final order of removal. (*Id.*) At that time, Petitioner filed a petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention. (ECF No. 1 at 2; *Calderon v. Green*, No. 17-362 (MCA) (ECF No. 1).) Petitioner was ultimately released from Immigration Customs and Enforcement ("ICE") custody after ICE was unable to obtain travel documents to Venezuela, and the habeas petition was dismissed. (*Id.*) On August 15, 2025, ICE re-detained Petitioner to effectuate his removal. (ECF No. 3 at 4.)

On August 21, 2025, Petitioner filed his initial counseled habeas petition arguing his continued detention violated the United States Constitution pursuant *Zadvydas*[1], as there was no likelihood of his removal to Venezuela in the reasonably foreseeable future. (ECF No. 1-1 at 3–6.) On August 27, 2025, the Court ordered Respondents to file an answer. (ECF No. 2.) On September 5, 2025, Petitioner filed his Amended Petition, again arguing that his continued detention violated the constitution and the INA, as it was unreasonable under *Zadvydas*. (ECF No. 3.) On the same day, Petitioner filed a Motion for Order to Show Cause, asking the Court to enjoin Respondents from transferring Petitioner unless "they [could] show they have a Venezuelan passport and are acting in good faith to remove him to Venezuela." (ECF No. 4; ECF No. 4-1.) The Court denied the request for a stay of removal finding that Petitioner was subject to a final order of removal and made only a conclusory argument that the Government intended to remove him to a third country. (*See generally* ECF No. 5.) The Court reasoned it lacked jurisdiction to review a challenge to his order of removal.[2] (*Id.*) However, the Court noted it had jurisdiction

---

[1] In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held that the Immigration and Nationality Act's ("INA") post-removal-period detention provision contains an implicit reasonableness limitation of six months, after which a noncitizen may not continue to be detained if "there is no significant likelihood of removal in the reasonably foreseeable future."

[2] "[T]he Illegal Immigration Reform and Immigrant Responsibility Act of 1996 . . . authorizes noncitizens to obtain direct 'review of a final order of removal' in a court of appeals." *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (quoting 8 U.S.C. § 1252(a)(1)). "[A] 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'" *Id.* (quoting 8

under 28 U.S.C. § 2241 to consider Petitioner's Amended Petition as it challenged the legality of his continued immigration detention based on the argument that it was prolonged. (*Id.* at 3 n.2.) The Court was awaiting briefing from the parties on that issue.

On September 18, 2025, Petitioner filed a renewed Motion for Order to Show Cause seeking restraint from transfer. (ECF No. 6.) Petitioner submitted that Respondents had attempted to remove him to Venezuela; however, upon his arrival Venezuelan authorities accused him of being an American spy because he arrived without travel documents. (ECF No. 6-2 at 2.) A United States ICE agent informed Petitioner he would be removed to Guantanamo, Honduras, or Mexico. (*Id.*) In his renewed Motion for Order to Show Cause, Petitioner again argued that his continued detention violated the constitution pursuant to *Zadvydas*, asserting that "Respondents cannot effectuate [his] removal in the reasonably foreseeable future." (*Id.* at 4.) The following day the Court informed the parties that it would consider the assertions made in rendering a final decision and instructed Respondents to address Petitioner's allegations in their answer. (ECF No. 9.)

On October 2, 2025, Respondents submitted a letter answer requesting Petitioner's Amended Petition be dismissed as moot. (ECF No. 14.) Respondents assert Petitioner was

---

U.S.C. § 1101(a)(47)(A)). Additionally, the REAL ID Act, Pub. L. No. 10943, 119 Stat. 231 (2005), which modified 8 U.S.C. § 1252, "clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus . . . ." *Id.* at 580. "[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal" and "includes all matters on which the validity of the final order is contingent." 8 U.S.C. § 1252(a)(5); *Nasrallah*, 590 U.S. at 582 (internal quotation marks omitted).

As amended by the REAL ID Act, § 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). As the Supreme Court has explained, § 1252(g) is a "discretion-protecting provision" designed to prevent the "deconstruction, fragmentation, and hence prolongation of removal proceedings." *Reno v. Am.-Arab Anti-Discrimination Comm.* (hereinafter, "*AADC*"), 525 U.S. 471, 487 (1999).

3

removed to Mexico pursuant to his final order of removal on September 26, 2025. (*See id.*) Respondents argue Petitioner's removal renders the Amended Petitioner moot, as there is no longer a "case or controversy." (*Id.* at 3.) Petitioner filed an opposition to the answer, arguing that Respondents retain "constructive detention" over Petitioner, and he is experiencing collateral consequences. (*See generally* ECF No. 15.) The Court ordered Respondents to reply to Petitioner's opposition, and on November 14, 2025, Respondents replied. (ECF No. 17.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas*, 533 U.S. at 687. The burden is on petitioner to show that she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. DECISION

Petitioner's Amended Petition seeks only his "immediate release . . . from custody absent a showing that he can be removed to Venezuela in the reasonably foreseeable future or that circumstances have materially changed in his case." (ECF No. 3 at 4.) Respondents move for the dismissal of the Amended Petition, arguing that Petitioner's removal to Mexico renders the Amended Petition moot and it no longer presents a live case or controversy. (ECF No. 14 (citing *Vasquez v. Aviles*, 639 F. App'x 898, 902 (3d Cir. 2016); *Kurtishi v. Cicchi*, 270 F. App'x 197,

199 (3d Cir. 2008) (affirming district court's dismissal of petition as moot because petition was no longer detained and had already been deported, noting "[i]n view of Kurtishi's deportation, there are no remaining collateral consequences that may be redressed by success on Kurtishi's challenge under § 2241 to his 'continued restraint by DHS-ICE'")).) Petitioner replied, arguing that his case is not moot because Respondents retain "constructive custody" over him, and he is experiencing collateral consequences stemming from the Amended Petition after his removal. (ECF No. 15.)

"Article III of the [United States] Constitution limits federal 'judicial power' to the adjudication of 'Cases' or 'Controversies.'" *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) (quoting *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). "For a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" *See id.* (quoting *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005)) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." *See id.* (citing *DeFoy*, 393 F.3d at 441).

As recognized by the United States Court of Appeals for the Third Circuit, administrative action taken by immigration officials addressing the concerns raised by a non-citizen's habeas petition renders that petition moot. *See Burke v. Gonzales*, 143 F. App'x 474, 476 (3d Cir. 2005). For instance, a habeas petition challenging the petitioner's continued detention by ICE on the ground that there is no significant likelihood of removal in the reasonably foreseeable future is rendered moot once the petitioner is released from detention pending his removal from the United States. *See Sanchez v. Attorney General*, 146 F. App'x 547, 549 (3d Cir. 2005). Similarly, a habeas

5

petition challenging the legality or duration of a petitioner's detention by ICE is rendered moot once the petitioner has been removed or deported from the United States. *See Lindaastuty v. Attorney General*, 186 F. App'x 294, 298 (3d Cir. 2006).

Here, Respondents attest Petitioner has been removed from the United States. Petitioner's Amended Petition sought release from detention or a hearing on the likelihood of his removal in the foreseeable future pursuant to *Zadvydas*. (*See* ECF No. 3.) Petitioner argues the Amended Petition is not moot because (1) Respondents retain "constructive custody" over him, and (2) he is experiencing collateral consequences stemming from the Amended Petition after his removal. (ECF No. 15.)

First, Petitioner argues that this matter is not moot because he is under the constructive detention of Respondents. (ECF No. 15 at 5–6.) Petitioner claims Respondents have "farmed out" his detention to Mexican authorities. (*Id.* at 5.) Petitioner further argues that "physical custody" is not required, and, because Respondents removed him to Mexico without identification, resulting in restraints on his liberty, he remains in the constructive detention of Respondents. (*Id.* at 9.) In support of this argument, Petitioner relies on *Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28 (D.D.C. 2004). In *Ali*, the court held the matter was not moot because the United States retained "constructive detention" over the petitioner. *Id.* The court found the Federal Bureau of Investigations ("FBI") had directed Saudi Arabia law enforcement to arrest the petitioner and detain him. *Id.* at 38. The Court noted that the petitioner was detained in Saudi Arabia and the United States had to power to release or continue his detention. *Id.* The court explained that "actual physical custody . . . is unnecessary" and habeas jurisdiction exists when the official possesses "constructive" custody of the petitioner. *Id.* at 47. The court found the United States maintained constructive custody over the petitioner, explaining "it is enough that the imprisoning sovereign is

the respondent's agent." *Id.*, *quoting Steinberg v. Police Court of Albany, N.Y.*, 610 F.2d 449, 453 (6th Cir. 1979). Here, Petitioner presents no facts that he is currently detained by Mexican authorities at the instruction of Respondents. Rather, he submits that Mexican authorities have released him in the interior of Mexico. There are no facts alleged that Mexico is currently detaining Petitioner at the request of the United States, nor are there facts presented that Petitioner is even currently detained in Mexico. *Ali* does not support Petitioner's argument that Respondents maintain constructive custody over Petitioner. Petitioner admits that Mexican authorities transported him into Mexico and released him. Petitioner has not alleged facts that show any actions taken by Mexican authorities once Petitioner was removed there were dictated by or controlled by Respondents.

Petitioner also argues that, upon his removal to Mexico, Mexican authorities transported him to Palenque, Chiapas, Mexico, where he was released "without any official documentation or assistance." (ECF No. 15 at 4.) Petitioner alleges he has been hiding due to the extreme danger in the area. (*Id.*) Petitioner argues there continues to be restraints on his liberty interest, resulting in Respondents constructive detention of him. (Id. at 7–8.) However, again, Petitioner fails to allege facts that the Mexican authorities' actions were at the instruction of Respondents or that Respondents retain any control over Petitioner. As such, the Court finds Petitioner is no longer "in custody" for the purposes of habeas corpus relief.

Second, Petitioner argues his Petition is not moot due to collateral consequences. It appears Petitioner is arguing his current lack of identification and the dangerousness of the area in Mexico are collateral consequences effecting his liberty interests. (*Id.* at 9–12.) Petitioner requests the Court order Respondents provide Petitioner with a parole document that will allow his return to the United States until Respondents obtain travel documents to Venezuela or that they notify him

7

of his removal to a third country and provide him with a right to seek protection. (*Id.* at 12.) Respondents argue this claim presents alleged harms related to his removal and not his detention, over which the Court lacks jurisdiction. (ECF No. 17 at 2–3.) The Court agrees.

In 2005, Congress enacted the Real ID Act, which modified provisions of § 1252 to specifically remove jurisdiction under 28 U.S.C. § 2241, as well as any other sort of habeas jurisdiction. *See* Real ID Act, Pub. L. No. 109-13, § 106, 119 Stat. 231, 310–11 (2005). As amended, § 1252(g) now reads as follows:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). And, as amended, § 1252(b)(9) now states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by sections 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9).

As a result, the REAL ID Act, in effect, forecloses "most claims that even relate to removal" as causes of action in habeas proceedings. *Tazu v. Attorney General United States*, 975 F.3d 292, 296 (3d Cir. 2020) (quoting *E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 180, 184 (3d Cir. 2020)); *Joshua M. v. Barr*, 439 F. Supp. 3d 632, 668 (E.D. Va.

8

2020) (citing *Jahed v. Acri*, 468 F.3d 230, 233 (4th Cir. 2006)). Instead, these claims must be funneled into a petition for review before the appropriate Court of Appeals. *Tazu*, 975 F.3d at 299.

The REAL ID Act has stripped the district court of jurisdiction to review orders of removal. Petitioner's Amended Petition sought only a bond hearing or release from custody. (*See* ECF No. 3.) Although Petitioner alleges his Amended Petition is not moot because he faces collateral consequences, those consequences are collateral to his removal and not to the claim raised in his petition regarding his continuing detention. The Court lacks jurisdiction to review Petitioner's removal and can only review claims regarding his detention. 8 U.S.C. § 1252(g); *see also Fermin v. United States*, No. 17-1862, 2018 WL 623645 (D.N.J. Jan. 29, 2018) (finding that "any challenge to the validity of that removal order or a request for a stay of that Order could be entertained only by the Court of Appeals").

In *Vasquez*, the Third Circuit stated that for a case-or-controversy to exist, a petitioner, throughout each stage of the litigation "must have suffered, or be threatened with, and actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." 639 F. App'x at 902 (quoting *DeFoy*, 393 F.3d at 442). Because the petitioner's alleged collateral consequence was incapable of being redressed by any court, the court affirmed the district court's dismissal of the habeas petition as moot. *Id.* (citing *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007)). Here, the Amended Petition did not assert collateral consequences that the Court could have redressed. *See Vasquez v. Aviles*, No. 15-2341, 2015 WL 1914728 at *2 (D.N.J April 24, 2015), *aff'd*, 639 F. App'x 989 (3d Cir. 2016) (citing *Abdala*, 488 F.3d at 1065 (holding that habeas petition, which only challenged the length of petitioner's detention at INS facility from which he was deported six weeks later, and which asserted no collateral consequences of deportation that his original petition could have redressed, was moot as of the date of his deportation)).

Petitioner obtained the relief he requested in his Amended Petition, *i.e.*, release from custody, and there is no additional relief that the Court can provide. The Amended Petition is dismissed as moot.[3]

### IV. CONCLUSION

For the reasons set forth above, the Amended Petition (ECF No. 3) is **DISMISSED AS MOOT**. An appropriate Order follows.

Dated: November 24, 2025

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[3] Petitioner argues in his opposition to the Government's answer that he is seeking return to the United States and notification of and the chance to seek protection from the removal to a third country. (ECF No. 15 at 12.) The Court construes this as a due process argument regarding what process is owed before removal to a third country. The parties have not addressed whether the Court would have jurisdiction over such a claim, because the Amended Petition only raised a claim challenging his ongoing detention under *Zadvydas*. (*See* ECF No. 3.) The Court finds that this claim was not before the Court in the Amended Petition.